NATIVE HAWAIIAN LEGAL CORPORATION
1164 Bishop Street, Suite 1205
Honolulu, Hawai`i 96813
Telephone: (808) 521-2302 Fax: 537-4268

DAVID KIMO FRANKEL         5791
dafrank@nhlchi.org
LEINAALA LEY               9710
leley@nhlchi.org
Attorneys for Plaintiffs Clarence Ching and
Mary Maxine Kahaulelio

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CLARENCE CHING and MARY MAXINE KAHAULELIO, | ) ) ) | CIVIL NO. 14-00253 JMS RLP (Declaratory and Injunctive Relief) |
| Plaintiffs, | ) ) | PLAINTIFFS' **REPLY** TO DEFENDANTS' MEMORANDA IN |
| vs. | ) ) | OPPOSITION TO PLAINTIFFS' |
| WILLIAM J. AILA JR. in his official capacity as Chairperson of the Board of Land and Natural Resources and state | ) ) ) | MOTION TO REMAND; CERTIFICATE OF SERVICE |
| historic preservation officer, BOARD OF LAND AND NATURAL | ) ) | NON-HEARING MOTION |
| RESOURCES, DEPARTMENT OF LAND AND NATURAL | ) ) | JUDGE: RICHARD L. PUGLISI |
| RESOURCES, | ) ) | NO TRIAL DATE |
| Defendants. | ) | RE: DOCUMENT NUMBER 6 |

PLAINTIFFS' **REPLY** TO DEFENDANTS' MEMORANDA IN OPPOSITION
TO PLAINTIFFS' MOTION TO REMAND

Defendants' desire to have this case heard in federal court is based on a

misreading of the case law, incoherent arguments, and a misunderstanding of

Plaintiffs' complaint. No federal question is involved. Plaintiffs' claim does not arise under federal law. The federal government's interests are not affected by this case.

I.   **NO FEDERAL QUESTIONS ARE INVOLVED IN THIS CASE.**

Defendants' argument that a federal question is involved is based on three false premises. First, they assume that the artful pleading rule is applicable. Second, they assume that the federal government is a necessary party. And third, they assume that they can manufacture jurisdiction through Rule 19 of the Federal Rules of Civil Procedure (**FRCP**) by referring to an allegedly indispensable party.

   A.   **The Artful Pleading Rule is Inapplicable.**

Defendants concede that Plaintiffs' complaint governs the determination of jurisdiction. After all,

> [t]he presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *See Gully v. First National Bank*, 299 U.S. 109, 112-113 (1936). The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987), 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). The corollary theory, the "artful pleading rule," relied upon by Defendants, precludes a plaintiff from defeating removal "if a federal cause of action completely pre-empts a state cause of action." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 24, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

*See also Smallwood v. Allied Van Lines, Inc.*, 660 F.3d 1115, 1120 (9th Cir. 2011) (under "the 'artful pleading' doctrine, a well-pleaded state law claim presents a federal question when a federal statute has completely preempted that particular area of law."). The U.S. Supreme Court in *Franchise Tax* held that the artful pleading rule did not apply because no federal law preempted the state law claim in that case. Similarly, the Ninth Circuit Court of Appeals – in a case relied on by Defendants – held that the artful pleading rule did not apply in *ARCO Envtl. Remediation, L.L.C. v. Department of Health & Envtl. Quality*, 213 F.3d 1108 (9th Cir. 2000) because (1) Congress had not completely preempted state law; (2) the claim was not a federal claim (even if it had an "incidental effect" on a federal interest); and (3) substantial questions of federal law had not been raised because liability was to be determined exclusively based on state law.

In this case, Defendants do not identify any federal statute that operates to completely preempt Plaintiffs' state common law breach of trust claim. Nor have they identified a federal claim inherent in Plaintiffs' complaint or what questions of federal law are involved. The artful pleading rule is inapplicable. Instead, the well-pleaded complaint rule dictates that because no federal question is presented on the face of Plaintiffs' complaint, this case must be remanded to state court.

    **B.**    **The Federal Government's Interests are Not Affected by this Case and it is Not a Necessary Party.**

Even if the artful pleading rule was stretched well beyond its current

parameters, the federal government's interests are insufficient to mandate federal court jurisdiction. Federal interests are not affected by this case at all, and it is therefore **not** a necessary party.

    First, no relief is requested against the federal government. Judgment in favor of Plaintiffs would not create any new obligations or liabilities on the part of the federal government.

    Second, any effect on federal interests is purely speculative. *See Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1046 (9th Cir. 1983) ("Speculation about the occurrence of a future event ordinarily does not render all parties potentially affected by that future event necessary or indispensable parties under Rule 19."). If Plaintiff prevails and if a court orders that the State Defendants fulfill their trust obligations by taking steps to ensure compliance with the lease, that does not mean that any action will be taken against the U.S.A. The first step that the Defendants must take is to determine for themselves whether the terms of the lease are being fulfilled. That is a necessary first step before the State Defendants can take any action against the U.S.A. In this case, however, the State Defendants have not taken any action whatsoever to ascertain compliance. They have not undertaken any inspections, or monitoring, or even written any letters asking the U.S.A. about efforts it has made to comply with the terms of the lease.

    Third, even if the State Defendants were to determine that violations of lease

conditions have occurred, any dispute (subsequent to and apart from this litigation) between the State Defendants and the U.S.A. "shall be decided by the Division Engineer, U.S. Army Engineer Division" – an agent and officer of the U.S.A. (Paragraph thirty on page ten of the lease, attached as Exhibit A to Appellees' memoranda). This provision ensures that the U.S.A's interests are well protected even if Plaintiffs prevail in this case and even if the State Defendants subsequently determine that the U.S.A. has violated the terms of the lease.

Fourth, the U.S.A. has no property interest in the extension of the lease (which does not expire for another fifteen years) for a longer term. A party to a contract does not have a vested right in renewal of an existing contract, absent some provision to that effect. *Federal Legal Lands Consortium ex rel. Robert Estate v. United States*, 195 F.3d 1190, 1199 (10th Cir. 1999); *Cassidy v. Hawaii*, 915 F.2d 528, 531 (9th Cir. 1990); *Hi-Tech Rockfall Constr., Inc. v. County of Maui*, 2009 U.S. Dist. LEXIS 15917 (D. Haw. Feb. 26, 2009). The federal government does not have a legally protected right to renew or extend the lease because renewal of the lease at Pōhakuloa is subject to the State's unilateral and limitless discretion. There is no provision in the lease guaranteeing or even foreseeing its extension.

For all four reasons, the federal government's interests are not at stake in this case and it is not a necessary party to this litigation.

### C.     FRCP Rule 19 Cannot Be Used to Manufacture Jurisdiction.

Even if the federal government's interests were affected by this litigation, Defendants cannot rely on FRCP Rule 19 to manufacture federal jurisdiction where it does not currently exist. FRCP Rule 82 provides: "These rules shall not be construed to extend or limit the jurisdiction of the United States courts or the venue of actions therein."

FRCP Rule 19 "provides no independent basis for assertion of federal jurisdiction over an unwilling party." *Sea Ranch Asso. v. California Coastal Com.*, 552 F. Supp. 241, 247 (N.D. Cal. 1982). A court that does not have jurisdiction over plaintiffs' legal claims does not obtain jurisdiction simply because a party asserts that an unnamed defendant is indispensable.

In *International Primate Protection League v. Administrators of Tulane Educ. Fund*, 500 U.S. 72, 89, 111 S. Ct. 1700, 1710, 114 L. Ed. 2d 134 (1991), the U.S. Supreme Court held that the determination of whether a party is indispensable to a state law claim is a determination made pursuant to state law. Relying on that decision, the Ninth Circuit held – in a case cited by Defendants – that where the district court lacks jurisdiction, it does not have the power to join an unnamed defendant. *ARCO*, 213 F.3d at 1117.

### II.     THIS CASE DOES NOT ARISE UNDER FEDERAL LAW.

Plaintiffs concede that they have difficulty discerning Defendants' argument

on pages 5-6 of their memoranda. Defendants appear to confuse and interweave issues of jurisdiction, declaratory actions, and "necessary and indispensable party" analysis. Relying on two cases, Defendants appear to argue that if they sought to sue the U.S.A. for violating the terms of the lease, such suit would have to be in federal court and therefore this case needs to be heard in federal court. Their argument makes no sense.

First, the issue of the appropriate court in which the State Defendants to file suit if they decided to take enforcement action is irrelevant to this case.

Second, this lawsuit does not allege that the U.S. Government has violated the terms of its lease. *See* paragraph one of the complaint and the first amended complaint. Therefore, this lawsuit does not involve the same legal issues as one that the State might want to bring.

Third, the mechanism for enforcement of the lease is provided in paragraph thirty of the lease. Before filing a suit for declaratory relief in federal court (if it decided to overlook the Federal Administrative Procedure Act for some reason), the State Defendants need to take several preliminary steps. The first step, of course, is for the State Defendants to determine whether the U.S.A. is complying with the lease. Once they make an actual effort to determine compliance, and if they determines that there is non-compliance, then the State Defendants need to bring the issues to the attention of the U.S.A. before going to court.

Fourth, as discussed above (pages 4-5), the interests of the federal government are not affected by this case.

Fifth, the State Defendants misread *Franchise Tax*. The court held

> federal courts do not have original jurisdiction, nor do they acquire jurisdiction on removal, when a federal question is presented by a complaint for a state declaratory judgment, but *Skelly Oil* would bar jurisdiction if the plaintiff had sought a federal declaratory judgment.

*Franchise Tax*, 463 U.S. at 19. In this case, no federal question is presented. The *Skelly Oil* decision limits federal court jurisdiction to declaratory actions that <u>raise federal law issues on their face</u>. "*Skelly Oil* has come to stand for the proposition that 'if, but for the availability of the declaratory judgment procedure, the federal claim would arise only as a defense to a state created action, jurisdiction is lacking.'" *Id.* at 16. Plaintiffs' complaint does not raise a federal law issue and therefore this analysis is irrelevant. Further, the reasoning in *Franchise Tax Board* only buttresses Plaintiffs' position. A defensive declaratory action by the State to forestall Plaintiffs' could not be heard in federal court regardless of the federal issues raised by the State because the breach of trust claim arises under state law.

Sixth, *Arakaki v. Lingle*, 477 F.3d 1048 (9th Cir. 2007) is inapplicable. In *Arakaki*, the Ninth Circuit held that the United States is an indispensable party to any action that seeks to alter lease eligibility requirements mandated by the Hawaiian Homes Commission Act ("HHCA"). *Id.* at 1059. The issue as to whether the federal government is a necessary party, however, is irrelevant to the issue of

federal jurisdiction over the complaint. Further, as explained in *Arakaki*, the HHCA is unique in so far that the statute explicitly requires that the United States consent to any changes in lease eligibility requirements. *Id.*

Defendants' muddled argument provides no basis for federal jurisdiction.

### III. NEITHER FEDERAL ENCLAVE JURISDICTION NOR THE ADMISSIONS ACT ESTABLISH FEDERAL JURISDICTION HERE.

Technically, federal enclave jurisdiction does not and cannot apply to the Pōhakuloa Training Area. Federal enclave jurisdiction is based on Article I section 8, clause 17 of the U.S. Constitution, which by its plain terms refers only to places "purchased" by the U.S.A. *See Willis v. Craig*, 555 F.2d 724 (9th Cir. 1977)(if the property was not purchased, the district court lacks jurisdiction). Defendants have submitted no evidence that this land was ever purchased by the U.S.A., and, in fact, its exhibits establish that the land was not purchased by the federal government. Thus, the Pōhakuloa Training Area is not a federal enclave.

Section 16 of the Admissions Act, however, appears to create federal jurisdiction in a manner analogous to federal enclave jurisdiction. It is not applicable in this case, however, for at least three reasons.

First, section 16 of the Admissions Act must be read in conjunction with section 5. Section 5 of the Admissions Act laid out the process by which lands which had originally been ceded to the U.S. were either returned to the new State, or withheld by the federal government. Section 5(c) of the Admissions Act allowed

the federal government to unilaterally withhold any land it wanted. Section 5(d) allowed the federal government to take back any of the lands it conveyed to the state within five years. In 1959, the federal government returned land at Pōhakuloa to the State upon its admission to the U.S.A. pursuant to section 5(b) of the Admissions Act. The federal government chose to return these lands. Five years later, the federal government then chose **not** to exercise its authority pursuant to section 5(d) of the Admissions Act to seize this land. Twice, the federal government relinquished its ability to claim ownership to these lands. Instead, in 1964, the federal government signed a lease with the State. By signing a lease, the federal government explicitly acknowledged that it had relinquished control over these lands. As a lessee, the federal government no longer "controls" this land. It merely leases the land pursuant to the terms of a lease that it signed. As such, its possession is that of an "ordinary proprietor." *Paul v. United States*, 371 U.S. 245, 264, 83 S. Ct. 426, 437, 9 L. Ed. 2d 292, 307 (1963). The terms of the 1964 lease confirm that the United States ceased to exercise "exclusive jurisdiction" and instead assumed the role of a normal lessee.

Second, there is no evidence that Congress has ever exercised any legislative authority over this leased land.

Third, section 16(b)(ii) of the Admissions Act explicitly grants the State authority over those lands affected by section 16(b).

Even if section 16(b) of the Admissions Act applies to the leased lands at Pōhakuloa, federal jurisdiction is not warranted. Given section 16(b)(ii) of the Admissions Act, the analogous federal enclave jurisprudence illustrates why federal jurisdiction is inappropriate. Whether federal enclave jurisdiction exists is a complex question, resting on multiple factors. *Celli v. Shoell*, 40 F.3d 324, 328 (10th Cir. 1994). None of those factors call for removal of this case. As discussed above on pages 4-5 above, the federal government's interests will not and cannot be affected by this case. Federalism principles counsel that a state court is the best forum of resolving state claims. In fact, the Ninth Circuit has already determined that breach of trust claims against the Board of Land and Natural Resources – similar to the claim in this case – should be heard in state court rather than federal court. *Ulaleo v. Paty*, 902 F.2d 1395, 1400 (9th Cir. 1990). Similarly, one district court in this circuit held that it did not have jurisdiction over an unlawful detainer action arising on a federal enclave over which the state and federal governments share concurrent jurisdiction. *Cmt'y Hous. P'ship v. Byrd*, 2013 U.S. Dist. LEXIS 164661, *21 (N.D. Cal. Nov. 19, 2013). The land at issue here is owned by the State and the legal issues involve the interpretation of a provision of the State Constitution: Article XII § 4.

Given that federal jurisdiction **must be rejected if there is any doubt** as to the right of removal in the first instance and that the defendant always has the

burden of establishing that removal is proper, *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992), and given that this case does not really and substantially involve a dispute or controversy respecting the validity, construction or effect of federal law, *Shulthis v. McDougal*, 225 U.S. 561, 569, 32 S. Ct. 704, 56 L. Ed. 1205, (1912), and given that federal court jurisdiction in this case would disturb the congressionally approved balance of federal and state responsibilities, *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005), removal here was improper.

## IV.     **CONCLUSION.**

Plaintiffs respectfully request that the Court remand this case to the Circuit Court of the First Circuit, State of Hawaiʻi because this court does not have subject matter jurisdiction over this case

Dated: Honolulu, Hawaiʻi, July 10, 2014.

> /s/ David Kimo Frankel
> LEINA`ALA L. LEY
> DAVID KIMO FRANKEL
> Attorneys for Plaintiffs