IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CLARENCE CHING AND MARY MAXINE KAHAULELIO,<br><br>        Plaintiffs,<br><br>    vs.<br><br>WILLIAM J. AILA JR., in his capacity as Chairperson of the Board of Land and Natural Resources and State Historic Preservation Office; BOARD OF LAND AND NATURAL RESOURCES; DEPARTMENT OF LAND AND NATURAL RESOURCES,<br><br>        Defendants. | CIVIL NO. 14-00253 JMS-RLP<br><br>FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS' MOTION TO REMAND |

<u>FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS' MOTION TO REMAND</u>[1]

Before the Court is Plaintiffs' Motion to Remand, filed on June 12, 2014. ECF No. 6. Defendants William J. Aila, Jr., the Board of Land and Natural Resources, and the Department of Land and Natural Resources (collectively the "State Defendants") filed an Amended Opposition to the Motion on June 26, 2014. ECF No. 13. Plaintiffs filed a Reply on July 10, 2014. ECF No. 14. The Court found this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

the United States District Court for the District of Hawaii.  ECF
No. 8.  After carefully reviewing the submissions of the parties
and the relevant legal authority, the Court FINDS that this case
was properly removed and RECOMMENDS that the district court DENY
Plaintiffs' Motion to Remand.

BACKGROUND

Plaintiffs filed this declaratory judgment action in
the Circuit Court of the First Circuit, State of Hawaii, alleging
that the State Defendants breached their duty to protect and
maintain public trust lands under the Hawaii Constitution,
Article XI, Section 9, and Article XII, Sections 4 and 7.  ECF
No. 1-3.  Plaintiffs allege that the State Defendants breached
their trust duties with regards to the state-owned ceded lands at
the Pōhakuloa Training Area.  Id.  The Pōhakuloa Training Area is
leased to the United States for military training purposes
pursuant to State General Lease S-3849 (the "Lease").  Id. ¶ 38.
Plaintiffs allege that the State Defendants have failed to
investigate and ensure that the United States complied with the
terms of the Lease.  Id. ¶¶ 55-62.  Plaintiffs' First Amended
Complaint states that they "do[] not allege that the U.S.
Government has violated the terms of its lease, but rather that
the named Defendants have reason to believe that the lease terms
may have been violated and have a trust duty to investigate and
take all necessary steps to ensure compliance with lease terms."

Id. ¶ 1.  In the First Amended Complaint, Plaintiffs request the following relief:  a declaration that the State Defendants breached their trust obligations by failing to ensure compliance with the Lease; an order that the State Defendants fulfill their trust duties with respect to the land at the Pōhakuloa Training Area; an injunction preventing the State Defendants from negotiating an extension of the Lease or entering into a new lease for the Pōhakuloa Training Area until the State Defendants ensure that the terms of the existing Lease have been satisfactorily fulfilled.  ECF No. 1-3 at 8.

The State Defendants filed a Notice of Removal on May 29, 2014.  ECF No. 1.  The present Motion followed.

## DISCUSSION

Removal of an action from state court to federal court is proper if the federal court would have had original jurisdiction over the action.  28 U.S.C. § 1441(a).  Under 28 U.S.C. § 1447(c), a party may bring a motion to remand to challenge removal.  "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand."  Moore-Thomas v. Alaska Airlines, Inc., 552 F.3d 1241, 1244 (9th Cir. 2009); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  The defendant who invokes the federal court's

3

removal jurisdiction has the burden of establishing that removal was proper. Washington v. Chimei Innolux Corp., 659 F.3d 842, 847 (9th Cir. 2011).

The arguments presented in the State Defendants' Opposition appear to conflate several theories within each section. Based on the Court's reading, it appears that the State Defendants argue that removal is appropriate based on three grounds: (1) the United States should have been named as a defendant; (2) this action arises under federal law because it seeks declaratory and injunctive relief directly affecting the rights of the United States; and (3) this action arises under federal law because the Pōhakuloa Training Area is a federal enclave. ECF No. 13 at 3-9. As detailed below, the Court finds that the State Defendants have met their burden to establish that removal was proper.

**I. Whether the United States Should Have Been Named as a Defendant.**

The State Defendants contend that Plaintiffs elected not to name the United States as a defendant for the purpose of avoiding removal. ECF No. 13 at 4. The State Defendants assert that the United States should have been named as a defendant because the relief sought by Plaintiffs affects the interests of the United States under the Lease. Id. at 4-5. The State Defendants contend that the relief sought by Plaintiffs would

4

subject the United States to additional oversight and would preclude the United States from negotiating an extension of the Lease.  Id. at 4.

In this argument section, the State Defendants reference the "artful pleading rule," which applies to situations in which a plaintiff pleads a state law claim that actually arises under federal law.  Id.  However, the State Defendants do not argue here that Plaintiffs' claims arise under federal law, but rather assert that Plaintiffs attempt to avoid removal "by electing not to name the United States as a necessary and indispensable party."  ECF No. 13 at 3.  Therefore, the artful pleading rule does not apply.

Although not cited by the State Defendants in their Opposition, the "necessary and indispensable" language used by the State Defendants is taken from jurisprudence regarding joinder under Federal Rule of Civil Procedure Rule 19.  It appears that the State Defendants are attempting to use the language of Rule 19 as a basis for removal.  The State Defendants have not attempted to join the United States and have not filed a motion to dismiss for Plaintiffs' purported failure to join under Rule 12(b)(7).  The State Defendants fail to provide any authority to support the proposition that Rule 19 is an appropriate basis for removal.  The cases cited by the State Defendants involve dismissal for failure to join under Rule 19

5

and do not address whether removal jurisdiction is appropriately based on the assertion that the United States is a required party. See ECF No. 13 at 4-5 citing Carlson v. Tulalip Tribes of Wash., 510 F.2d 1337 (9th Cir. 1975); McClendon v. United States, 885 F.2d 627 (9th Cir. 1989); Lomayaktewa v. Hathaway, 520 F.2d 1324 (9th Cir. 1975). Rule 19 addresses party joinder, not federal court subject matter jurisdiction. Lincoln Prop. Co. v. Roche, 546 U.S. 81, 90 (2005). The State Defendants provide no authority for the proposition that removal is appropriate based on the prospective joinder of an unnamed party. The State Defendants' unsupported argument that the United States is a necessary party fails to meet the State Defendants' burden to establish that removal was proper on this ground.

**II. Whether This Action Arises Under Federal Law.**

The State Defendants assert that Plaintiffs' claims arise under federal law because if the State Defendants had brought a coercive action against the United States to enforce the State Defendants' rights under the Lease, that suit could have been brought in federal court. ECF No. 13 at 5-6.[2] Generally, in declaratory judgment actions, federal courts consider whether there would be federal subject matter

---

[2] The State Defendants appear to undermine their own argument that such an action could be brought in federal court by citing to the Lease provision that requires disputes to be submitted to the Division Engineer, U.S. Army Engineer Division. See ECF No. 13-2 at 11.

6

jurisdiction over a coercive action brought by the declaratory judgment defendant against the declaratory judgment plaintiff. See Guaranty Nat'l Ins. Co. v. Gates, 916 F.2d 508, 510 (9th Cir. 1990) ("A declaratory judgment action may be entertained in federal court only if the coercive action that would have been necessary, absent the declaratory judgment procedure, could have been heard in a federal court."). Here, however, the State Defendants are asking the Court to extend this analysis one step further. The State Defendants ask the Court to consider whether there would be federal subject matter jurisdiction over a coercive action brought by the declaratory judgment defendant against a third party, the United States. The State Defendants fail to cite any authority to support this proposition. In fact, other courts have rejected such an extended application in declaratory judgment actions. See, e.g., Merced Irr. Dist. v. County of Mariposa, 941 F. Supp. 2d 1237, 1265 (E.D. Cal. 2013) ("there is no authority for the proposition that the Court may consider coercive claims that [the declaratory judgment defendant] may have against any other entity rather than [the declaratory judgment plaintiff]"); Allstate Ins. Co. v. Nowakowski, 861 F. Supp. 2d 866, 871-82 (W.D. Mich. 2012) ("in order to find a federal claim upon which original jurisdiction could be predicated, [the declaratory judgment defendant] would have this Court not only transpose her from declaratory judgment

7

defendant to plaintiff but also name a party other than the declaratory judgment plaintiff as defendant, a proposition for which this Court has not found support in the case law").  As with the State Defendants' first argument, their second unsupported argument that this action arises under federal law fails to meet the State Defendants' burden to establish that removal was proper on this ground.

    **III.  Whether the Court Has Subject Matter Jurisdiction Based on the Pōhakuloa Training Area's Status as a Federal Enclave.**

    The State Defendants argue that there is federal subject matter jurisdiction over this action because Plaintiffs' claims arise on the Pōhakuloa Training Area, a federal enclave over which federal courts have "at least concurrent jurisdiction."  ECF No. 13 at 7-9.  Federal enclave jurisdiction provides federal subject matter jurisdiction for claims arising on property covered by the United States Constitution's Enclave Clause, Article 1, Section 8, Clause 17.  The Enclave Clause states that Congress shall have the power to "exercise exclusive Legislation[3] in all Cases whatsoever . . . over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines,

---

    [3]  "Exclusive legislation" is synonymous with "exclusive jurisdiction."  <u>James v. Dravo Contracting Co.</u>, 302 U.S. 134 (1937).

8

Arsenals, dock-Yards, and other needful Buildings."  However, as recognized by the Supreme Court, the Enclave Clause is not the sole authority for the acquisition of federal enclave jurisdiction and jurisdiction less than exclusive may be granted to the United States.  Collins v. Yosemite Park & Curry Co., 304 U.S. 518, 528 (1938) ("The States of the Union and the National Government may make mutually satisfactory arrangements as to jurisdiction of territory within their borders and thus in a most effective way, cooperatively adjust problems flowing from our dual system of government.  Jurisdiction obtained by consent or cession may be qualified by agreement or through offer and acceptance or ratification.  It is a matter of arrangement.  These arrangements the courts will recognize and respect."); see also Kelly v. Lockheed Martin Servs. Grp., 25 F. Supp. 2d 1, 3 (D.P.R. 1998) (stating that federal enclave jurisdiction can be obtained when "the federal government reserves jurisdiction over portions of a state when the state enters the Union").

Here, there is no dispute that the Pōhakuloa Training Area was not "purchased" by the United States and therefore is not covered directly under the Enclave Clause.  However, the United States expressly reserved enclave authority over certain lands under the Act to Provide for the Admission of the State of Hawaii into the Union ("Admission Act").  Section 16(b) of Admission Act states that the United States expressly reserved

9

authority "for the exercise of exclusive jurisdiction by the Congress of the United States of the power of exclusive legislation" as provided in the Enclave Clause over land that was "immediately prior to the admission of said State [] controlled or owned by the United States and held for Defense or Coast Guard purposes."  Admission Act § 16, 73 Stat. 11-12.

Immediately prior to statehood, the ceded lands at the Pōhakuloa Training Area were owned by the United States.  Prior to Hawaii's admission, all ceded lands were owned by the United States.  See Newlands Resolution, Joint Resolution of July 7, 1898, Public Resolution 55-51, 30 Stat. 750 (providing that the Republic of Hawaii ceded all public lands to the United States); Hawaiian Organic Act, Act of Apr. 30, 1900, Pub L. 56-331, ch. 339, § 91, 31 Stat. 159 (providing that ceded lands were under the control of the Territory of Hawaii, but the United States continued to hold title).

Having established that the land at issue was owned by the United States immediately prior to the admission of Hawaii,[4] the next issue is whether the land was "held for Defense or Coast Guard purposes."  Admission Act § 16(b).  The State Defendants contend that the land at issue was being used by the United States as a military training facility immediately prior to

---

[4] Upon Hawaii's admission to the union, the United States granted title to all public lands, with limited exceptions, to the state.  Admission Act § 5, 73 Stat. 5-6.

Hawaii's admission. ECF No. 13 at 8. In support of this contention, the State Defendants provide a Maneuver Agreement, dated February 1957, attached as Exhibit B to the Declaration of Kevin E. Moore, Assistant Lands Administrator for the Department of Land and Natural Resources, which states that the United States was allowed to use the premises for military training and maneuver exercises. ECF No. 13-2. Plaintiffs do not dispute that the Pōhakuloa Training Area was used by the United States prior to statehood for military training purposes. Based on this analysis, Section 16(b) of the Admission Act applies to the Pōhakuloa Training Area and claims arising on the Pōhakuloa Training Area are subject to federal enclave jurisdiction. However, as discussed below, the reservation of authority by the United States under Section 16(b) of the Admission Act is not exclusive.

Section 16(b)(ii) expressly provides that the reservation of authority "shall not operate . . . to prevent the said State from exercising over or upon such land, concurrently with the United States, any jurisdiction whatsoever which it would have in the absence of such reservation of authority and which is consistent with the laws hereafter enacted by the Congress pursuant to such reservation of authority." Admission Act § 16, 73 Stat. 12; see also, Kalaka Nui, Inc. v. Actus Lend Lease, LLC, Civil No. 08-00308 SOM/LEK, 2009 WL 1227892, *5 (D.

Haw. May 5, 2009) ("The Admission Act clearly provides that Hawaii has concurrent jurisdiction over such military bases so long as state jurisdiction is consistent with post-Admission Act laws enacted by the United States Congress."); State v. Thomas, 810 P.2d 668, 671 (Haw. Ct. App. 1991) ("[I]t was the intent of Congress to accord to the state concurrent jurisdiction with the federal government over lands in Hawaii owned or controlled by the federal government at the time of Hawaii's admission as a state."). Accordingly, the United States and Hawaii share concurrent jurisdiction over the Pōhakuloa Training Area.

Although not addressed by the State Defendants in their Opposition, the critical issue is whether removal is appropriate for state law claims arising on land where the United States and the state share concurrent jurisdiction. There are many cases that address the propriety of removal jurisdiction for claims arising on federal enclaves subject to the exclusive jurisdiction of the United States, but there is little authority regarding whether removal is appropriate for claims arising on land subject to concurrent jurisdiction. See Federico v. Lincoln Military Housing, 901 F. Supp. 2d 654, 668 (E.D. Va. 2012); Community Housing P'ship v. Byrd, Case No. 13-3031 JSC, 2013 WL 6087350, at *6 (N.D. Cal. Nov. 19, 2013) (stating that the Federico case was the only decision that the court was able to locate "that directly addresses the propriety of federal jurisdiction when a

12

state law claim arises on a federal enclave that has been retroceded to the point of concurrent jurisdiction"). Importantly, even in cases that address concurrent jurisdiction, all but one involved land that was owned by the United States.[5] See Federico, 901 F. Supp. 2d at 661 (involving military housing on land owned by the United States); Community Housing P'ship, 2013 WL 6087350, at *4 (involving private housing on a former naval base owned by the United States); Kalaka Nui, 2009 WL 1227892, at *2 (involving construction of military housing on Hickam Air Force Base owned by the United States).[6]

Both cases that address removal in the context of state law claims that arise on federal enclaves subject to concurrent

---

[5] The Court was able to find only one case that addressed concurrent jurisdiction where the land was leased by the United States and owned by the state. See United States v. Schuster, 220 F. Supp. 61 (E.D. Va. 1963). In Schuster, the issue was whether the federal government had jurisdiction to prosecute a crime committed in a parking lot that was situated on land leased to the United States. Id. at 63-64. The court concluded that the federal court had criminal jurisdiction. Id. Although Schuster involved the issue of concurrent jurisdiction over leased land, it did not address the proprietary of removal of state law claims related to that leased land.

[6] In Kalaka Nui, the district court rejected the defendant's argument that plaintiff's state law claims were barred because the claims related to a contract for construction of housing on a federal military base and held that Section 16(b) of the Admission Act gave concurrent jurisdiction to Hawaii and the federal government. Id. at *5. However, the court did not find that the federal court had federal question jurisdiction over the case. Id. at *6. Instead, the court noted that the allegations in the complaint were unclear as to whether all the claims arose on the military base and the complaint alleged diversity, not federal question, jurisdiction. Id.

13

jurisdiction applied a "substantial federal interest" test to determine whether removal based on federal enclave jurisdiction was appropriate. See Federico, 901 F. Supp. 2d at 672; Community Housing P'ship, 2013 WL 6087350, at *5-*6. Specifically, the court in Federico considered "the nature of the claims and the parties involved" to determine whether the case presented "substantial federal interests" and provided "a compelling argument to hold that federal jurisdiction is proper." Federico, 901 F. Supp. 2d at 672 (citing Akin v. Ashland Chem. Co., 156 F.3d 1030 (10th Cir. 1998)). In Community Housing Partnership, the court considered whether "the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." 2013 WL 6087350, at *5 (citing Chicago v. Int'l College of Surgeons, 552 U.S. 156, 165 (1997)). The Court finds this analysis persuasive and applies the same to the present case.

Based on the allegations in Plaintiffs' First Amended Complaint, the Court finds that significant federal interests are implicated in this litigation.

First, the United States has a significant interest in this litigation because adjudication of Plaintiffs' claims would require a court to find that the United States has violated the terms of the Lease. Although Plaintiffs state that they do "not allege that the U.S. Government has violated the terms of its

14

lease," other allegations in the First Amended Complaint undermine this statement.  ECF No. 1-3 ¶ 1.  For example, within this same paragraph Plaintiffs allege that the State Defendants "have reason to believe that the lease terms may have been violated."  <u>Id.</u>  In order to prove this allegation, Plaintiffs will need to present evidence that the United States "may have" violated specific terms of the Lease.  Plaintiffs allege that they have seen "rifle casings, machine gun cartridge links, unfired blanks and other rubbish on the ground at the Training Area."  <u>Id.</u> ¶ 18.  Plaintiffs also allege that Paragraph 14 of the Lease requires the U.S. Government to "remove or bury all trash, garbage or other waste materials."  <u>Id.</u> ¶ 41.  These allegations taken together necessarily imply that the United States is violating Paragraph 14 of the Lease.  Plaintiffs allege that Paragraph 9 of the Lease requires the United States to "make every reasonable effort to . . . remove or deactivate all live or blank ammunition."  <u>Id.</u> ¶ 40.  Plaintiffs also allege that the Final Environmental Impact Statement for Construction and Operation of an Infantry Platoon Battle Course at Pōhakuloa Training Area states that a significant risk of encountering unexploded ordinance and munitions and explosives of concern exists within the Pōhakuloa Training Area.  <u>Id.</u> ¶ 45.  Again, these paragraphs taken together necessarily imply that the United States is in violation of Paragraph 9 of the Lease.  Whether or

15

not the United State is in compliance with the Lease is a significant federal interest.

Second, the United States has a significant interest in the interpretation of contracts to which it is a party. In their prayer for relief, Plaintiffs ask the court to declare that the State Defendants have failed to ensure compliance with the Lease. Id. at 8. To determine whether or not the State Defendants have ensured compliance with the Lease, the court would be required to interpret the meaning of various Lease provisions, including those quoted in the First Amended Complaint.

Finally, the United States has a significant interest in its ability to obtain a renewal of the Lease or negotiate a new lease for the Pōhakuloa Training Area. In their prayer for relief, Plaintiffs ask the court to enjoin the State Defendants from negotiating an extension of the Lease or a new lease for the Pōhakuloa Training Area, which would directly affect the interests of the United States in extending the current Lease or negotiating a new lease to maintain its use and control of the Pōhakuloa Training Area. See id. at 8.

Having considered the nature of the claims and the parties involved, the Court finds that this litigation presents substantial federal interests and present a compelling argument for the exercise of federal enclave jurisdiction over Plaintiffs' claims. Accordingly, the State Defendants' removal of this

action was appropriate under 28 U.S.C. § 1441(a).

CONCLUSION

The Court finds that the State Defendants properly removed this action and recommends that the district court DENY Plaintiffs' Motion to Remand.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JULY 22, 2014.

/s/ Richard L. Puglisi
Richard L. Puglisi
United States Magistrate Judge

**CHING, ET AL. V. AILA, ET AL., CIVIL NO. 14-00253 JMS-RLP; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS' MOTION TO REMAND**